T.C. Summary Opinion 2002-13


UNITED STATES TAX COURT


FRANK FRANKLIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15383-99S.                    Filed February 14, 2002.


Frank Franklin, pro se.

Matthew A. Mendizabal, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,866 in petitioner's Federal income tax for 1996 and an accuracy-related penalty under section 6662(a) of $127.  At trial, respondent conceded an addition to tax under section 6651(a)(1).

Following concessions by petitioner,[2] the issues remaining for decision are:  (1) Whether petitioner is entitled to trade or business expense deductions under section 162(a) in excess of amounts allowed by respondent; (2) whether $1,193 of a $5,348 distribution received by petitioner from Metropolitan Life Insurance Co. during 1996 constituted gross income; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a).[3]

_____

[2]     At trial, petitioner conceded unreported income amounts of $1,503 and $748, consisting, respectively, of a State income tax refund and unemployment compensation benefits.

[3]     The Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001, 112 Stat. 726, added sec. 7491, which, under certain circumstances, places the burden of proof on the Secretary with respect to any factual issue relevant to a taxpayer's liability for taxes in court proceedings arising in connection with examinations commencing after July 22, 1998. Respondent stated in the pretrial memorandum that the audit of petitioner's joint income tax return for 1996 commenced with a letter dated May 4, 1998, addressed to petitioner and his wife scheduling an appointment with them with respect to the audit of their 1996 return, an appointment that neither petitioner nor his spouse honored.  Thereafter, however, petitioner's spouse met with a representative for respondent and presented documentation that respondent accepted as substantiation for the expenses described hereafter in the opinion.  The burden of proof, therefore, has not shifted to respondent under section 7491, since the examination commenced prior to July 22, 1998, nor has
(continued...)

Some of the facts were stipulated.  Those facts and the accompanying exhibits are so found and are incorporated herein by reference.  Petitioner's legal residence at the time the petition was filed was Taft, California.

Petitioner was engaged in a loan brokerage business, wherein he arranged mortgage loan refinancing between customers and various lending institutions.  He conducted this activity for approximately 16 years.  Petitioner received commissions for his services based on varying percentages of the amount of the loans involved.  At the time of trial, petitioner was no longer engaged in this activity.

Petitioner and his wife, Freddie T. Franklin, filed a joint Federal income tax return for 1996.  The income and expenses related to petitioner's loan brokerage business were reported on a Schedule C, Profit or Loss From Business.  For 1996, petitioner and his spouse reported on Schedule C gross income of $15,100, expenses of $28,223, and a net loss of $13,123.  In the notice of deficiency, respondent adjusted some of the expenses as follows:

---

[3](...continued)
petitioner contended otherwise.

| Expense | Claimed on Return | Amount Allowed | Amount Disallowed |
|---|---|---|---|
| Outside services | $ 7,300 | $ 2,500 | $4,800 |
| Appraisal fees | 1,500 | 1,100 | 400 |
| Telephone | 1,743 | 1,200 | 543 |
| Postage | 618 | 400 | 218 |
| Rent | 4,860 | 4,400 | 460 |
| Car & truck expenses | 5,772 | 3,960 | 1,812 |
| Totals | $21,793 | $13,560 | $8,233 |

No adjustments were made as to the reported gross income or the other Schedule C expenses.  The adjustments shown above were disallowed for lack of substantiation.[4]

Section 162(a) allows a deduction for the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  An expense must be ordinary and necessary within the meaning of section 162(a).  Deputy v. duPont, 308 U.S. 488, 495 (1940).  A taxpayer is required to maintain records to establish the amount of income and deductions claimed on a return.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

---

[4] Petitioner did not participate in the audit process due to his incarceration for a criminal infraction associated with his loan brokerage business.  Freddie T. Franklin, petitioner's wife, presented substantiating information to respondent during the audit process that resulted in the expenses allowed shown above.  Prior to issuance of the notice of deficiency, Mrs. Franklin applied for and was administratively granted relief from joint liability for the 1996 tax year, presumably under sec. 6015.  None of the documentation surrounding Mrs. Franklin's relief was offered into evidence, and petitioner raised no objection in this case toward the granting of relief to his spouse.  Respondent did not issue a notice of deficiency to Mrs. Franklin.

At trial, petitioner presented no documentary evidence to support his claim for deductions in excess of the amounts allowed by respondent. Petitioner argued he had records to substantiate amounts that would exceed those allowed by respondent; however, his records were "scattered" in several places, and, with sufficient time, he could produce such records that would establish his entitlement to additional deductions. The Court notes that trial of this case was continued once because of petitioner's incarceration; however, he had been released from incarceration approximately 3 months prior to trial of this case. The Court is not convinced that petitioner did not have sufficient time to prepare his case. Moreover, as noted earlier, petitioner's wife presented their business records to respondent in the audit process, and, based on the documentation she presented, respondent allowed the expenses shown above. There are circumstances, however, where the Court is allowed to estimate the amount of an allowable deduction under what has been referred to as the Cohan rule. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). To apply that rule, the Court must find that the taxpayer is entitled to a deduction but is unable to establish the amount of the deduction. On this record, petitioner failed to present any evidence that would satisfy the Court that the expenses he incurred were in excess of the amounts allowed by respondent. Moreover, travel, meals, and

entertainment expenses, as well as expenses relating to listed properties, are subject to strict substantiation requirements under section 274(d), and this Court is precluded from applying the Cohan rule to such expenses. Some of the expenses at issue in this case are subject to the section 274(d) restriction. On this record, the Court holds that petitioner is not entitled to deductions for his Schedule C expenses in amounts exceeding those allowed by respondent. Respondent, therefore, is sustained on this issue.

The second issue relates to respondent's determination that petitioner failed to include in gross income on his 1996 return $1,193 in payments or distributions petitioner received from Metropolitan Life Insurance Co.

Respondent offered into evidence an Information Returns Master File Transcript with respect to petitioner for 1996. That transcript identifies information returns filed by payors of payments or distributions to taxpayers during a taxable year. Respondent's transcript lists an information return by Metropolitan Life Insurance Co. of New York, NY, and the issuance to petitioner of an IRS Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., reflecting a gross distribution to petitioner during 1996 of $5,348, of which $1,193 was a taxable amount and from which $119 was withheld in taxes. The transcript does not

indicate the type of plan involved.  Petitioner did not include the $1,193 in gross income on his 1996 income tax return.

At trial, petitioner acknowledged receiving moneys from Metropolitan Life Insurance Co. and testified that he had a life insurance policy with that insurer.  Petitioner contends the distribution he received was a policy loan and, therefore, was not gross income.  Petitioner presented no documentary evidence to establish that he had received such a loan.  Petitioner agreed that loan proceeds from an insurance policy generally do not constitute gross income, yet, was unable to answer why his insurance company considered $1,193 of the distribution as a taxable amount.  The Court concludes that petitioner has not established that the proceeds he received from Metropolitan Life Insurance Co. during 1996 were the proceeds of a loan or that such distributions did not constitute gross income.  Respondent, therefore, is sustained on this issue.

In the notice of deficiency, respondent determined that petitioner was liable for the accuracy-related penalty under section 6662(a) for negligence or intentional disregard of rules or regulations with respect to the following adjustments:

| | |
|---|---|
| State income tax refund | $1,503 |
| Unemployment compensation | 748 |
| Form 1099-R, Metropolitan Life Ins. Co. | 1,193 |
| Tax withheld by Metropolitan Life Ins. Co. | 119 |

Under section 6662(a), there shall be added to the tax an accuracy-related penalty of 20 percent of the portion of any underpayment to which section 6662(a) is applicable.

Section 6662(b)(1) provides that section 6662 shall apply to any underpayment attributable to negligence or disregard of rules or regulations.  "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations.  Sec. 6662(c).  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  See sec. 1.6662-3(b)(1), Income Tax Regs.  However, under section 6664(c), the penalty is not applicable if there was reasonable cause for the underpayment, and the taxpayer acted in good faith with respect thereto.[5]

With respect to the two unreported income items, the State income tax refund and the unemployment compensation benefits, petitioner readily admitted at trial that he knew those two items constituted income and offered no explanation why these income payments were not reported on his return.  Respondent is

---

[5]    Even if sec. 7491 were applicable in this case, and the burden of proof would be on respondent, under Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001), with respect to penalties, the burden of proof is on the taxpayer under sec. 7491(c) with respect to reasonable cause, substantial authority, or similar provisions.

sustained on the section 6662(a) penalty with respect to these two items.

Respondent did not determine that the section 6662(a) penalty was applicable to petitioner's Schedule C disallowed expenses; however, as noted above, respondent determined that the penalty was applicable to the payments petitioner received from Metropolitan Life Insurance Co. With respect to this adjustment, the Court notes that the payor, Metropolitan Life Insurance Co., withheld $119 in taxes on the taxable portion of the distribution. On petitioner's income tax return, on page 2 of Form 1040, line 52, Federal income tax withheld from Forms W-2 and 1099, petitioner claimed a credit of $3,779 for prepaid taxes. However, on the Information Returns Master File Transcript that respondent offered into evidence, the transcript reveals that petitioner's prepayments of tax through withholdings totaled $3,895. The difference between the transcript amount and the amount petitioner claimed as a prepayment credit on his return is $116. Since both the tax return and the transcript used rounded numbers, it is evident to the Court that, while petitioner and his wife failed to report the Metropolitan Life Insurance Co. income, they likewise failed to claim as a credit the taxes that had been withheld by Metropolitan Life Insurance Co. on the distributions made to petitioner. Therefore, the Court is not convinced that petitioner negligently or

intentionally disregarded rules or regulations in failing to report the $1,193 in Metropolitan Life Insurance Co. payments. Moreover, there was no underpayment of tax with respect to this item because the tax thereon was withheld at the source and presumably remitted by the payor to respondent.  Sec. 6664(a). The Court, therefore, sustains petitioner on the section 6662(a) penalty with respect to the $1,193 income item.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered under Rule 155.</u>